**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONY WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1543** |
| **CAESARS ENTERTAINMENT, INC.** | **SECTION: D(2)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Unopposed Motion and Incorporated Memorandum in Support of Motion for Leave to File Supplemental and Amended Complaint filed by Plaintiff Tony Washington.[1]

While Plaintiff has properly alleged his own citizenship,[2] and the citizenship of defendant Caesars Entertainment, Inc.,[3] he has failed to properly allege the citizenship of defendant Jazz Casino Company, L.L.C.[4] With respect to Jazz Casino Company, L.L.C., Plaintiff must identify each of the members of the limited liability company and then must properly allege the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[5] The same requirement applies to any member of a limited liability company which is also a limited liability company.[6] Proper information regarding the citizenship of all parties and the amount in controversy is necessary to establish the Court's diversity jurisdiction.

---

[1] R. Doc. 8.
[2] R. Doc. 8-1 at p. 1.
[3] *Id*. at ¶ 1.a
[4] *Id*. at ¶ 1.b.
[5] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) (Parker, J.) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Supplemental and Amended Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff, Tony Washington, shall have **ten (10) days** from the date of this Order to file a comprehensive amended pleading, without further leave of Court, properly setting forth the citizenship particulars of all of the parties and the amount in controversy at the time of removal, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The comprehensive amended pleading shall include all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, which will become the operative supplemental and amended complaint in this matter without reference to any other document in the record.

New Orleans, Louisiana, September 11, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**